IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MICHAEL B. RIVERS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: 2:19-cv-2 |
| | ) |
| HANSEN & ADKINS | ) |
| AUTO TRANSPORT, INC., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**(JURY TRIAL DEMANDED)**

COMES NOW MICHAEL B. RIVERS, SR., Plaintiff in the above-captioned action, and, complaining of Defendant, shows this Honorable Court as follows:

**PARTIES**

1. At the time of the incident described below (February 15, 2017) and at the current time, Plaintiff Michael B. Rivers, Sr. ("Rivers") was and is a Georgia citizen, resident, and domiciliary. He lives in Glynn County, Georgia.

2. Plaintiff Rivers is a career longshoreman and member of International Longshoremen's Association, Local 1423. He has been regularly working on the Brunswick waterfront since 2006.

3. Plaintiff Rivers is also the Pastor of Rising Daughter Baptist Church, Camden County, Georgia.

4. Prior to the incident complained of, Plaintiff Rivers regularly performed services as a football referee for youth football programs in and around Brunswick, Georgia.

1

5. Defendant Hansen & Adkins Auto Transport, Inc. ("H&A") is a California corporation having its principal office at 3552 Green Avenue, Suite 201, Los Alamitos, California 90720.

6. The primary business of Defendant H&A is over-the-road carriage of automobiles with its fleet of over-the-road tractor-trailers.

7. On February 8, 2017, Defendant H&A filed a Statement of Information with the California Secretary of State, naming Corporation Service Company d/b/a CSC - Lawyers Incorporating Service as its registered agent for service of process.

8. On December 19, 2018, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service filed a Statement of Information with the California Secretary of State, showing its business address as 251 Little Falls Drive, Wilmington, Delaware 19808.

## SUBJECT MATTER JURISDICTION

9. Plaintiff invokes the original jurisdiction of this Honorable Court pursuant to the provisions of 28 U.S.C. §1441 (Diversity of Citizenship).

## PERSONAL JURISDICTION

10. Defendant H&A is subject to personal jurisdiction in the State of Georgia pursuant to the Georgia Long-Arm Statute, O.C.G.A. § 9-10-91, which currently provides that:

"[a] court of this state may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he:

(1) Transacts any business within this state;

(2) Commits a tortious act or omission within this state...

## APPLICABLE SUBSTANTIVE LAW

11. This diversity of citizenship case is governed by the substantive law of the State of Georgia.

## FACTS

12. On February 15, 2017, at approximately 9:40 AM, Plaintiff Rivers was performing his duties as a longshoreman (ILA Local 1423) at the Port of Brunswick, Georgia.

13. Part of Plaintiff Rivers's duties on that date included driving a Hyundai automobile to be loaded onto a waiting containership.

14. At the time of the collision:

   a. the vehicle that Plaintiff Rivers was operating ('Rivers Hyundai') was stopped, first in line at the intersection of Joe Frank Harris Blvd. and Penniman Circle;

   b. Plaintiff Rivers was waiting for the flagman to give the signal to go;

   c. there was a second Hyundai ("Williams Hyundai"), in line behind Plaintiff Rivers, operated by a fellow longshoreman, Selena Williams;

   d. the Williams Hyundai was also stopped, awaiting the flagman's signal to proceed.

15. While the Rivers Hyundai and the Williams Hyundai were stopped, the Williams Hyundai was struck in the rear by a 2014 Volvo road tractor/trailer driven by Antonio Tremaine Johnson.

16. At the time of the collision on February 15, 2017:

   a. Defendant H&A owned the 2014 Volvo road tractor/trailer;

   b. Antonio Tremaine Johnson was employed by Defendant H&A; and

  c. Antonio Tremaine Johnson was acting in the course and scope of his employment with Defendant H&A;

17. Upon impact by the Volvo truck and the Williams Hyundai, Mr. Rivers struck his head inside the Rivers Hyundai. He was jostled and slammed around inside the Hyundai.

### FOR A FIRST CLAIM FOR RELIEF
### (NEGLIGENT OPERATION OF THE
### 2014 VOLVO TRACTOR TRAILER)

18. Plaintiff restates the foregoing allegations as if restated verbatim herein.

19. At the time of the collision, Defendant H&A by and through its employee, agent, and servant Antonio Tremaine Johnson, was negligent in one or more of the following respects:

  a. Following too closely;

  b. Failure to maintain a proper lookout;

  c. Failure to avoid a collision; and

  d. Other acts of negligence to be proven.

20. Under the doctrine of <u>respondeat superior</u>, Defendant H&A is liable for the negligent acts of its employee, agent, and servant Antonio Tremaine Johnson.

21. Plaintiff has received extensive medical care, including cervical spine surgery on August 7, 2017.

22. Specifically, on August 7, 2017, at St. Joseph's/Candler Hospital, Dr. Kevin Ammar, neurosurgeon, performed an Anterior Cervical Disc Fusion (ACDF) at cervical spine levels C4/5, including:

> "1. C4-5 anterior discectomy
> 2. Insertion of prosthetic interbody device, PEEK cage, C4-5
> 3. Interbody arthrodesis, C4-5
> 4. Anterior instrumentation with cervical plate and screws, Amendia Piranha system, C4-5
> 5. Microsurgical technique with use of operating microscope

    6. Use of allograft demineralized bone matrix
    7. Morcellization of autograft consisting of osteophytic bone and bone dust from the drilling process for use as fusion substrate."

23. Dr. Ammar, treating neurosurgeon, has stated the following opinions:

  a. the cervical spine surgery performed by him (ACDF at C 4/5) on August 7, 2017 was medically necessary;

  b. within a reasonable degree of medical probability, the motor vehicle collision of February 15, 2017 (1) <u>caused</u> the cervical condition upon which he performed surgery OR (2) <u>aggravated</u> any asymptomatic pre-existing condition in the cervical spine at C4/5 upon which he performed surgery;

  c. he was not aware of any evidence that any cervical spine condition at C4/5 required surgery prior to the motor vehicle collision of February 15, 2017;

  d. he assigned a "no-work" status to Mr. Rivers from the date of Plaintiff Rivers's first visit with on April 7, 2017 to the date of his release of Plaintiff Rivers from medical care on August 28, 2018;

  e. based on the Functional Capacity Evaluation dated August 6, 2018, Plaintiff Rivers should avoid any occupation or other physical activity requiring excessive rotation of his neck;

  f. As of August 8, 2018, Plaintiff Rivers had reached maximum medical improvement; and

  g. Plaintiff Rivers has a permanent impairment under the <u>American Medical Association Guides to the Evaluation of Permanent Impairment</u>, 5th Ed., p. 392, Table 15.5, DRE Cervical Category IV, expressed as 26.5% impairment to the whole person.

24. Defendant has no evidence to contradict the opinions of Dr. Ammar, neurosurgeon, contained in the preceding paragraph.

25. To date, Plaintiff Rivers has incurred $92,860.93 in past medical bills and expenses, as further shown below:

| NO. | PROVIDER | DOS | AMOUNT |
|---|---|---|---|
| 1 | EMS | To be provided | To be provided |
| 2 | Southeast GA HS | 2/15/17 | 3,093.60 |
| 3 | Southeast GA HS | 8/11/17 | 420.00 |
| 4 | ERgent Med Prime | 2/21/17 - 4/5/17 | 3,133.00 |
| 5 | Open MRI | 3/15/17 - 12/26/17 | 5,700.00 |
| 6 | Neurological Institute (Dr. Ammar) | 4/7/17 - 4/17/18 | 17,296.00 |
| 7 | Southern Orthopedics (Dr. Morales) | 6/28/17 - 8/30/17 | 2,831.12 |
| 8 | Benchmark Rehab Partners | 4/28/17 - 8/6/18 | 17,174.00 |
| 9 | St. Joseph's/Candler Hospital | 8/7/18 | 43,213.21 |
| 10 | CVS | To be provided | To be provided |
|  | **TOTAL TO DATE** |  | $92,860.93 |

[CONTINUED ON THE FOLLOWING PAGE]

26. Due to his injuries and his physical restrictions resulting from the collision of February 15, 20217, Plaintiff Rivers has not returned to work as a longshoreman.

27. As a consequence of the negligence of Defendant H&A and the resulting injuries to Plaintiff Rivers, the law permits Plaintiff to recover the following compensable elements of damages:

    a. loss of pre-judgment wages;

    b. loss of future wages and wage-earning capacity;

    c. permanent injuries to his cervical spine, left knee, and others as may be determined by medical providers;

    d. past and future medical expenses;

    e. physical pain and suffering;

    f. psychological trauma and mental anguish;

    g. loss of enjoyment of life;

    h. loss of ability to labor; and

    i. any and all other elements of compensable damages known to the law.

**[CONTINUED ON THE FOLLOWING PAGE]**

## PRAYER

WHEREFORE, by reason of the foregoing, Plaintiff prays:

    a.    for a trial by jury;

    b.    that judgment be rendered for Plaintiff Rivers against the Defendant H & A;

    c.    that Plaintiff be fully compensated and awarded damages in an amount not less than Two Million Five Hundred Thousand ($2,500,000.00) Dollars, in addition to any other amount as may be proved herein or that justice may require; and

    d.    that this Honorable Court grant such other and further relief as may be just and proper.

RESPECTFULLY SUBMITTED:

**RALEY & RALEY, P.C.**

s/ Charles H. Raley, Jr.
Charles H. Raley, Jr.
Georgia Bar #592792
Erin Brownfield Raley
Georgia Bar #592797
P.O. Box 13488
Savannah, Georgia 31416-0488
Phone: (912) 925.9991
Fax: (912) 925.9997

**ATTORNEYS FOR PLAINTIFF
MICHAEL RIVERS, SR.**

January 4, 2019